UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X          17-CV-3835
SHAWN LUTCHMAN,

                                      Plaintiff,          JURY TRIAL
                                                      DEMANDED

        -against-

                                                      **COMPLAINT**

NASSAU COUNTY and NASSAU COUNTY POLICE
OFFICER JAMES C. SPORING , Individually and in his
official capacity,

                                   Defendants.
------------------------------------------------------------------X          ECF CASE

        Plaintiff SHAWN LUTCHMAN, by his attorney CHRISTOPHER H.
FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.      **PRELIMINARY STATEMENT**

1.      Plaintiff SHAWN LUTCHMAN, ("Plaintiff"), brings this action for
compensatory damages, punitive damages, and attorney's fees pursuant to the
statutory and common law of the State of New York for assault and battery,
negligence, intentional infliction of emotional distress, and negligent hiring and
supervision.

2.      Plaintiff also brings this action for compensatory damages, punitive
damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988
for violations of his civil rights, as said rights are secured by said statutes and the
Constitution of the United States.

## II.   JURISDICTION

3.          This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction

is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the

aforementioned statutory and constitutional provisions.

4.          Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to

28 U.S.C. § 1367, over any and all State law claims and causes of action which

derive from the same nucleus of operative facts and are part of the same case or

controversy that gives rise to the federally based claims and causes of action.

## III.   VENUE

5.          Venue is proper for the United States District Court for the Eastern

District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and

§1402(b), where the plaintiff resides and the defendant NASSAU COUNTY

maintains its relevant places of business, and where the majority of the actions

complained of herein occurred.

## IV.   JURY DEMAND

6.          Plaintiff respectfully demands a trial by jury of all issues in this matter

pursuant to Fed. R. Civ. P. 38(b).

## V.   THE PARTIES

7.          That at all times hereinafter mentioned, the plaintiff was a resident of the

County of Nassau in the State of New York.

2

8.      That at all times hereinafter mentioned, the defendant, NASSAU COUNTY, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.      That at all times hereinafter mentioned, defendant POLICE OFFICER JAMES C. SPORING ("SPORING") was and still is employed by the NASSAU COUNTY POLICE DEPARTMENT.

10.     That prior to the institution of this action, on or about June 24, 2016, a Notice of Claim was duly served upon and filed with the NASSAU COUNTY on behalf of the plaintiff within the time required by General Municipal Law §50(e).

11.     That on or about September 19, 2016, a hearing was conducted by NASSAU COUNTY pursuant to General Municipal Law §50(h).

12.     That at all times hereinafter mentioned, the defendant officer was acting within the scope and course of his employment with the NASSAU COUNTY Police Department, and under color of state law.

13.     That at all times hereinafter mentioned, all of the actions of defendant SPORING alleged herein were done within the scope and course of his employment with the NASSAU COUNTY Police Department.

14.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.    <u>STATEMENT OF FACTS</u>

15.      On or about the date of March 26, 2016, at approximately 2:50 am, plaintiff SHAWN LUTCHMAN ("plaintiff" or "LUTCHMAN") was lawfully on the public sidewalk located at 190 Main Street in Farmingdale, New York.

16.      At that time and place, plaintiff approached Officer James Sporing of the Nassau Police Department and asked for assistance relating to an altercation he had had with another unknown individual.

17.      At that time, Officer James Sporing was having a discussion with 4 or 5 unnamed individuals in front of Croxley's Bar.

18.      In response to plaintiff's request for help, Officer Sporing became combative, verbally abusive, and began acting in a menacing and intimidating manner towards plaintiff, who is significantly smaller than defendant in physical stature.

19.      Officer Sporing repeatedly poked claimant in the chest and entered his "personal space."

20.      Plaintiff took several steps back in response to Officer Sporing's actions.

21.      In reaction to this menacing, physical contact and verbal abuse by Officer Sporing, claimant placed his hands up in submission, with his palms facing outward.

22.      In response, Officer Sporing shoved claimant, spun him around, and performed what can only be described as a professional wrestling move, wherein he lifted claimant off the ground and drove him into the pavement face-first.

4

23.     Claimant's face and head struck the pavement with such force as to render him temporarily unconscious.

24.     Plaintiff suffered, *inter alia*, three fractured teeth, a fractured left wrist, ac concussion, and a right knee injury.

25.     Despite his injuries, claimant was not taken to the hospital by any member of the Nassau County Police Department. Instead, he was transported to Central Booking and held until he was arraigned the next day and released on his own recognizance.

26.     Plaintiff was acting lawfully when he was assaulted, battered, arrested and imprisoned, by agents and/or employees of Nassau County, including, but not limited to, agents employed by the Nassau County Police Department and Officer SPORING.

27.     Due to the violent acts of defendant SPORING, plaintiff suffered, *inter alia*, permanent physical injuries and psychological trauma.

28.     Plaintiff continues to suffer from the painful injuries caused on March 26, 2016.

**FIRST CLAIM FOR RELIEF:**
**ASSAULT UNDER STATE LAW**

29.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

30.　　　On March 26, 2016, defendant SPORING acted with the intent to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent by behaving toward plaintiff in an aggressive manner.

31.　　　Defendant SPORING acted with the intent to harass, annoy, and/or alarm the plaintiff.

32.　　　Defendant SPORING acted voluntarily and with the intent and the desire to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

33.　　　Defendant SPORING acted voluntarily and with the knowledge—with substantial certainty—that his actions would cause the plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

34.　　　Defendants SPORING threatened to strike, shove, kick or otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

35.　　　Defendants SPORING had the real and apparent ability to carry out his implied and explicit threats of violent contact.

36.　　　As a result of Defendant SPORING's actions, plaintiff became apprehensive and feared for his own physical safety and feared that violent contact was imminent.

37.　　　Defendant NASSAU COUNTY is vicariously liable for the actions of Defendants SPORING, as this individual defendant was acting in furtherance of NASSAU COUNTY POLICE DEPARTMENT ("NCPD") business and within the scope of NCPD authority.

38.     At all times mentioned herein, NASSAU COUNTY is responsible for the plaintiff's injuries and damages as SPORING was acting in furtherance of NCPD business and within the scope of NCPD authority.

## SECOND CLAIM FOR RELIEF:
## BATTERY UNDER STATE LAW

39.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40.     On March 26, 2016, defendants SPORING intentionally made physical contact with plaintiff.

41.     This physical contact was violent, offensive, and without plaintiff's consent.

42.     This contact was without justifiable provocation.

43.     This violent physical contact caused severe physical and psychological injuries to plaintiff.

44.     Defendants SPORING acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

45.     Defendants SPORING struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

46.     Defendants SPORING acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

47.     Defendant NASSAU COUNTY is vicariously liable for the actions of Defendants SPORING as the individual defendant was acting in furtherance of NCPD business and within the scope of NCPD authority.

48.     At all times mentioned herein, NASSAU COUNTY is responsible for the plaintiff's injuries and damages as SPORING was acting in furtherance of NCPD business and within the scope of NCPD authority.

**THIRD CLAIM FOR RELIEF:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**UNDER STATE LAW**

49.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50.     Defendants SPORING's conduct of March 26, 2016 was shocking and outrageous, exceeding all reasonable bounds of decency.

51.     Defendants SPORING's conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

52.     Defendants SPORING acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

53.     Defendants SPORING conduct was reckless, and with an utter disregard for the consequences that followed.

54.     Defendants SPORING struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

55.     Defendants SPORING acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

56.     Defendants SPORING conduct has caused plaintiff severe emotional distress.

57.     Defendant NASSAU COUNTY is vicariously liable for the actions of Defendants SPORING as this individual defendant was acting in furtherance of NCPD business and within the scope of NCPD authority.

58.     At all times mentioned herein, the NASSAU COUNTY is responsible for the plaintiff's injury and damages as SPORING was acting in furtherance of NCPD business and within the scope of NCPD authority.

**FOURTH CLAIM FOR RELIEF:**
**VICARIOUS LIABILITY UNDER STATE LAW**

59.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60.     At all times on or about March 26, 2016, Defendant SPORING was acting within furtherance of NCPD business, and within the scope of his authority as a police officer.

61.     Upon information and belief, the incident complained of herein, the NASSAU COUNTY Police Department was and still is Defendants SPORING's place of employment.

62.     Upon information and belief, defendant SPORING has a history of violent and disturbing behavior, which has been ratified and approved by NCPD and NASSAU COUNTY by their inaction.

**FIFTH CLAIM FOR RELIEF:**
**NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION**
**UNDER STATE LAW**

63.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64.     NASSAU COUNTY and THE NASSAU COUNTY POLICE DEPARTMENT ("NCPD") have a duty to use reasonable care in the employment, training and supervision of its employees.

65.     This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

66.     The NCPD knew or should have known that Defendants SPORING was incompetent, had a vicious propensity, and/or had a bad disposition.

67.     The NCPD should have anticipated the assault and battery of March 26, 2016.

68.     The NCPD failed to adequately investigate and correct defendant SPORING's disposition and propensity.

69.     Because of this history, the attack of March 26, 2016 was a foreseeable consequence of NCPD' failure to adequately train, reprimand, or re-assign Defendant SPORING.

70.     Because of NCPD' failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

## SIXTH CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

71.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72.     At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

73.     All of the aforementioned acts of the Defendant NASSAU COUNTY, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

74.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

75.     The acts complained of were carried out by the aforementioned individual defendants, in particular SPORING, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

76.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the NASSAU COUNTY and the NASSAU COUNTY Police Department, all under supervision of said department.

77.     The individual defendants, and defendant NASSAU COUNTY, collectively and individually, while acting under color of state law, engaged in

Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### SEVENTH CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. §1983 and
### NEW YORK STATE LAW

79.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

80.     Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY.

81.     As a result of the aforesaid conduct by defendant SPORING, plaintiff was subjected to illegal, improper and false arrest by the defendant and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

82.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

83.     As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF AND RETALIATION FOR**
**THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER**
**42 U.S.C. §1983**

84.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85.     By the actions described above, the defendant SPORING violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff.

86.     The acts and conduct of the defendant was the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

**NINTH CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. §1983 and**
**NEW YORK STATE LAW**

87.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

88.     Plaintiff's seizure and detention at the hands of the individually named defendants was made in the absence of probable cause or arguable probable cause.

89.     In detaining plaintiff, defendant used force.

90.     The force used was unreasonable and excessive.

91.     Plaintiff was harmed as a result of the use of this force.

92.     Defendants' use of force was a substantial factor in causing the harm to plaintiff.

93.     Even assuming *arguendo* that plaintiff's arrest was lawful, the individually named defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the sole intention of inflicting physical and psychological harm to plaintiff.

94.     The behavior of the defendants was the sole and proximate cause of the physical and psychological injuries that plaintiff sustained on the date of his arrest.

95.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and their standing within their community.

## TENTH CLAIM FOR RELIEF:
## NEGLIGENCE

96.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

97.     Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his

statutory and common law rights as guaranteed by the laws and Constitution of the state of New York.

98.     As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**ELEVENTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER MONELL ARISING FROM**
**UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983**

99.     Plaintiff repeats, Reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

100.     Defendant SPORING arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding his knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

101.     The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer and official, with all the actual and/or apparent authority attendant thereto.

102.     The acts complained of were carried out by the aforementioned individual defendant in his capacity as police officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of the NASSAU

COUNTY and the NASSAU COUNTY DEPARTMENT, all under the supervision of officers of said department.

103.       As a result of the aforementioned conduct of the defendant NASSAU COUNTY, and the individual defendants, plaintiff's constitutional rights were violated.

104.       As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

105.       As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

DATED:       New York, New York
             June 26, 2017

                         Respectfully submitted,

                         **The Law Office of**
                         **Christopher H. Fitzgerald**
                         *Counsel for Plaintiff*
                         _____/s/_____
                         By: Christopher H. Fitzgerald, Esq. (CF7339)
                         233 Broadway, Suite 2348
                         New York, NY 10279
                         (212) 226-2275